OPINION OF THE COURT
RODRIGUEZ, Senior District Judge.
This is an appeal from an Order granting a motion to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California. In doing so, the District Court expressly overrode a forum selection clause contained in a contract between the parties, invoking Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), to conclude the forum selection clause was relevant but not determinative to the forum non conveniens analysis. Appellant argues that the District Court erred in failing to enforce the forum selection clause and in transferring the case.
I.
Appellant Single Employer Welfare Benefit Plan Trust by Penn-Mont Benefit Services, Inc., Plan Administrator (“Trust”) filed the Complaint seeking declaratory relief against Datalink Electronics, Inc., Yossi Lev, Anna Lev, David R. Neste, General American Life Insurance Company, Simon Singer, and Jeffrey L. Davidson, regarding distribution of certain life insurance policies sought by the Defendants which the Trust contends was neither provided for by the Plan documents nor legal. The Complaint also sought breach of contract damages under ERISA, 29 U.S.C. §§ 1103, 1132, and 1144, and the Internal Revenue Code, 26 U.S.C. § 419, and damages for State claims.
The Complaint also alleges that the Trust is a multiple employer welfare benefit plan trust administered in Pennsylvania to fund death benefits to employers throughout the United States. Datalink is one of those employers, co-owned by employees Yossi and Anna Lev; all three are citizens of California. Neste and Singer are California insurance agents who received commissions from the sale of Pennsylvania life insurance policies purchased by the Trust to insure participating Datal-ink employees. General American issued the Lev life insurance policies purchased by the Trust. Davidson is a California attorney who represented Singer.
The Trust contends that it purchases life insurance policies on the lives of participating employees to reinsure the plan’s risks relating to payment of benefits and assure its solvency to pay benefits; the Trust is the named owner and beneficiary of death benefit proceeds from those policies. According to the Complaint, Datalink sought to terminate the Plan, drafting its own termination documents which were not accepted by the Plan Administrator. No distributions have been paid.
II.
The District Court had subject matter jurisdiction based upon both diversity of citizenship, 28 U.S.C. § 1332, and the pleading of a federal question, 28 U.S.C. § 1331. This Court has jurisdiction over *296 appeals from all final decisions of the district courts pursuant to 28 U.S.C. § 1291. It is well-settled, however, that an order granting a motion to transfer venue under 28 U.S.C. § 1404(a) is interlocutory in character and not immediately appealable under section 1291. In re Federal-Mogul Global, Inc., 300 F.3d 368, 378 (3d Cir.2002) (citations omitted).
The original motion was styled as one to dismiss for lack of venue and jurisdiction or, in the alternative, to transfer the action to the Central District of California pursuant to 28 U.S.C. § 1406(a), which provides that where venue is laid in the wrong district, the district court “shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought,” or, in the alternative, pursuant to 28 U.S.C. § 1404(a), which provides that “[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.”
The District Court analyzed the case under 28 U.S.C. § 1404(a), and ordered the case transferred to the United States District Court for the Central District of California, thereby granting Defendants’ motion. “[Ojrders granting or denying motions to transfer under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) are not immediately appealable under 28 U.S.C. § 1291 as collaterally final orders. It is irrelevant for these purposes whether the motion to transfer is based on a forum selection clause, the convenience of witnesses, or other factors.” Nascone v. Spudnuts, Inc., 735 F.2d 763, 772-73 (3d Cir.1984). See also McCreary Tire & Rubber Co. v. CEAT S.p.A., 501 F.2d 1032 (3d Cir.1974) (“An order transferring an action pursuant to 28 U.S.C. § 1404(a) or refusing to make such a transfer is interlocutory and unappealable under § 1291.”).
Therefore, we dismiss this appeal because we do not have appellate jurisdiction over the Order issued by the District Court transferring venue in this case to the Central District of California.